```
FILED
CLERK, U.S. DISTRICT COURT
02/16/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>RUBEN DELAFUENTE,<br><br>　　　　　Defendant. | ED CR No. 5:22-cr-00050-SVW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Cocaine; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(9): Domestic Violence Misdemeanant in Possession of a Firearm and Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about April 15, 2021, in Riverside County, within the Central District of California, defendant RUBEN DELAFUENTE knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWO

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or about April 16, 2021, and continuing through on or about July 7, 2021, in Riverside County, within the Central District of California, and elsewhere, defendant RUBEN DELAFUENTE, not personally being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| Date | Firearms |
| --- | --- |
| April 20, 2021 | (1) Privately manufactured, semi-automatic, AR-type rifle, .223 caliber, unserialized, with a barrel length of approximately 10 inches<br>(2) Taurus, Model G3C, 9mm caliber pistol, bearing serial number ABH804218 |
| May 12, 2021 | Privately manufactured, semi-automatic, 9mm caliber pistol, unserialized |
| July 7, 2021 | Privately manufactured, semi-automatic, AR-type rifle, .223 caliber, unserialized |

COUNT THREE

[18 U.S.C. § 922(g)(9)]

On or about April 20, 2021, in Riverside County, within the Central District of California, defendant RUBEN DELAFUENTE knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. A Taurus, Model G3C, 9mm caliber pistol, bearing serial number ABH804218;
2. Thirty-one rounds of Federal .223 caliber ammunition;
3. Ten rounds of Fiocchi Munizioni S.P.A. .223 caliber ammunition;
4. Five rounds of Armscor 5.56mm ammunition;
5. Four rounds of Lake City 5.56mm ammunition;
6. One round of Federal .223 caliber ammunition;
7. Five rounds of Speer 9mm caliber ammunition;
8. Four rounds of Freedom Munitions 9mm caliber ammunition; and
9. Three rounds of American Security Company 9mm caliber ammunition.

Defendant DELAFUENTE possessed such firearm and ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Inflict Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of San Bernardino, case number MWV19008362, on or about May 6, 2019.

COUNT FOUR

[26 U.S.C. § 5861(d)]

On or about April 20, 2021, in Riverside County, within the Central District of California, defendant RUBEN DELAFUENTE knowingly possessed a firearm, namely, a privately manufactured, semi-automatic, AR-type rifle, .223 caliber, unserialized, with a barrel length of approximately ten inches, which defendant DELAFUENTE knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a)(3), and which had not been registered to defendant DELAFUENTE in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT FIVE

[18 U.S.C. § 922(g)(9)]

On or about July 7, 2021, in Riverside County, within the Central District of California, defendant RUBEN DELAFUENTE knowingly possessed ammunition, namely, twenty-six rounds of Federal .223 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant DELAFUENTE possessed such ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Inflict Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of San Bernardino, case number MWV19008362, on or about May 6, 2019.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from the offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in the offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

6

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two, Three, or Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

JOHN A. BALLA
Assistant United States Attorney
Deputy Chief, Riverside Branch Office